**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**Jacqueline Mondragon,**

        **Plaintiff,**                         **COMPLAINT and**
                                                        **JURY DEMAND**
  **Vs.**

**Troser Aerial Park, LLC d/b/a Bristol Mountain**
**Aerial Adventures, Troser Management, Inc.,**       **CV No:**
**Colorado Mountain Industries Corp., Canopy**
**Consulting, Inc., and UNO Parks UAB d/b/a Uno**
**Parks,**

        **Defendants.**
_____

Plaintiff Jacqueline Mondragon, by and through her attorneys, as and for a complaint against the defendants, alleges that at all times hereinafter mentioned:

## INTRODUCTORY STATEMENT

1. This is an action seeking to recover damages for personal injuries sustained by Jacqueline Mondragon as the result of the failure of Troser Aerial Park, LLC d/b/a Bristol Mountain Aerial Adventures, and Troser Management, Inc. to keep zipline #4 on the Bristol Mountain Aerial Adventures Zipline Canopy Tour in a reasonably safe condition for the protection of all persons whose presence was reasonably foreseeable, and as the result of Colorado Mountain Industries Corp. design, manufacture, distribution, and sale of a defective pulley system mechanism used in zipline #4 on the Bristol Mountain Aerial Adventures Zipline Canopy Tour and as the result of failures of Canopy Consulting, Inc. and UNO Parks UAB d/b/a Uno Parks to properly design and construct the Bristol Mountain Aerial Adventures Zipline Canopy Tour.

2. One or more of the exceptions set forth in CPLR §1602 applies to this action or claim for damages, including but not limited to the exception set forth in CPLR §1602 (2) (iv).

## JURISDICTION AND VENUE

3. Jurisdiction is based upon diversity of citizenship under 28. U.S. C. §1332.

4. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

5. The plaintiff is a citizen of the Republic of Peru.

6. The defendant, Troser Aerial Park, LLC d/b/a Bristol Mountain Aerial Adventures, is a limited liability company organized under the laws of the State of New York with a principal place of business located at 5662 State Route 64, Canandaigua, New York.

7. The defendant, Troser Management, Inc., is a business corporation organized under the laws of the State of New York with a principal place of business located at 5662 State Route 64, Canandaigua, New York.

8. The defendant, Colorado Mountain Industries Corp., is a business corporation organized under the laws of the State of West Virginia with a principal place of business located at 338 Mill Road, Franklin, West Virginia.

9. The defendant, Canopy Consulting, Inc., is a business corporation organized under the laws of the State of New York with a principal place of business located at 86 Valley View Road, Lexington, New York.

10. The defendant, UNO Parks UAB d/b/a Uno Parks, is a private limited company organized under the laws of the Republic of Lithuania, with a principal place of business located at Panerių 43, Vilnius, 03202 Lithuania.

11. Venue is proper in this District based upon 28 U.S.C. §1391 (b) (2) and (3) on the grounds that this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and this is the judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, and there is no district in which the action can otherwise be brought.

## **FACTUAL ALLEGATIONS**

12. The incident occurred on July 24, 2019, at approximately 10:45 a.m.

13. The incident occurred at Bristol Mountain Aerial Adventures, located at 5589 South Hill Road, Canandaigua, New York.

14. Jacqueline Mondragon was part of a tour group from the University of Rochester Simon Business School. She was using zipline #4 at Bristol Mountain Aerial Adventures Zipline Canopy Tour when the zipline failed to stop as she approached the landing platform. The zipline failed to stop because the pulley system mechanism responsible for bringing an individual to a stop failed.

15. An examination of the pulley drive revealed that the bolt that goes through the center of the pulley had sheared off on both sides of the pulley.

16. An examination of the pulley system mechanism also revealed that there was no backup pulley on the line as a precaution in the case of a failure of the pulley.

17. As a result of the incident, Jacqueline Mondragon slammed into a tree and sustained crushing injuries to the left side of her body, including her left arm, torso,

hip, and left lower extremity, a fibular fracture of her left ankle, a large hematoma of her lateral left thigh tissue, resulting in the tissue being sheared off with resulting permanent scar capsule formation around a fluid collection, suffered permanent personal injuries, pain and suffering and the damages resulting therefrom.

18. Upon information and belief, Troser Management, Inc. was the possessor of the real property where the incident occurred.

19. Troser Aerial Park, LLC d/b/a Bristol Mountain Aerial Adventures owned and operated Bristol Mountain Aerial Adventures and its Zipline Canopy Tour, including zipline #4.

20. Upon information and belief, Colorado Mountain Industries Corp. designed, manufactured, distributed, and sold the defective pulley system mechanism used in zipline #4.

21. Upon information and belief, Canopy Consulting, Inc. designed and constructed the Bristol Mountain Aerial Adventures Zipline Canopy Tour.

22. Upon information and belief, UNO Parks UAB d/b/a Uno Parks designed and constructed the Bristol Mountain Aerial Adventures Zipline Canopy Tour.

## AS AND FOR A FIRST CAUSE OF ACTION

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" above with the same force and effect as if more fully set forth here, and further alleges:

24. The pulley system mechanism used in Zipline #4 was defective because it was not reasonably safe and unduly dangerous for its intended use.

25. The defect in the pulley system mechanism used in zipline #4 existed when the pulley system mechanism left the hands of the manufacturer.

26. The defect in the pulley system mechanism used in zipline #4 existed when the pulley system mechanism was marketed.

27. The defect in the pulley system mechanism used in zipline #4 existed when the pulley system mechanism was sold for use in the Bristol Mountain Aerial Adventures Zipline Canopy Tour.

28. The defect in the pulley system mechanism used in zipline #4 was a substantial factor in causing the injuries sustained by Jacqueline Mondragon.

29. By reason of the facts aforesaid, Jacqueline Mondragon has been damaged in a sum of money having a present value of up to five million and 00/100 ($5,000,000.00) dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" above with the same force and effect as if more fully set forth here, and further alleges:

31. The defendant Colorado Mountain Industries Corp. negligently designed and/or manufactured the defective pulley system mechanism used in zipline #4.

32. That negligence was a substantial factor in causing the injuries sustained by Jacqueline Mondragon.

33. By reason of the facts aforesaid, Jacqueline Mondragon has been damaged in a sum of money having a present value of up to five million and 00/100 ($5,000,000.00) dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "33" above with the same force and effect as if more fully set forth here, and further alleges:

35. In manufacturing, distributing, and selling the pulley system mechanism used in zipline #4, the defendant Colorado Mountain Industries Corp. warranted that the pulley system mechanism was reasonably fit for the ordinary purposes for which it was to be used.

36. The defendant Colorado Mountain Industries Corp., breached its warranty in the manufacture, distribution, and sale of the pulley system mechanism.

37. The breach of warranty by the defendant Colorado Mountain Industries Corp. in the manufacture, distribution, and sale of the pulley system mechanism was a substantial factor in causing the injuries sustained by Jacqueline Mondragon.

38. By reason of the facts aforesaid, Jacqueline Mondragon has been damaged in a sum of money having a present value of up to five million and 00/100 ($5,000,000.00) dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" above with the same force and effect as if more fully set forth here, and further alleges:

40. The defendant, Canopy Consulting, Inc., was negligent in the design and construction of the pulley system mechanism in zipline #4 used in the Bristol Mountain Aerial Adventures Zipline Canopy Tour

41. That negligence was a substantial factor in causing the injuries sustained by Jacqueline Mondragon.

42. By reason of the facts aforesaid, Jacqueline Mondragon has been damaged in a sum of money having a present value of up to five million and 00/100 ($5,000,000.00) dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "42" above with the same force and effect as if more fully set forth here, and further alleges:

44. The defendant, UNO Parks UAB d/b/a Uno Parks was negligent in the design and construction of the pulley system mechanism in zipline #4 used in the Bristol Mountain Aerial Adventures Zipline Canopy Tour.

45. That negligence was a substantial factor in causing the injuries sustained by Jacqueline Mondragon.

46. By reason of the facts aforesaid, Jacqueline Mondragon has been damaged in a sum of money having a present value of up to five million and 00/100 ($5,000,000.00) dollars.

## AS AND FOR A SIXTH CAUSE OF ACTION

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "46" above with the same force and effect as if more fully set forth here, and further alleges:

48. The defendant, Troser Aerial Park, LLC d/b/a Bristol Mountain Aerial Adventures, had a duty to use reasonable care to protect all persons whose presence was

reasonably foreseeable on the Bristol Mountain Aerial Adventures Zipline Canopy Tour.

49. The defendant, Troser Aerial Park, LLC d/b/a Bristol Mountain Aerial Adventures, should have reasonably foreseen the presence of Jacqueline Mondragon or someone like Jacqueline Mondragon on the Bristol Mountain Aerial Adventures Zipline Canopy Tour.

50. The Bristol Mountain Aerial Adventures Zipline Canopy Tour was not in a reasonably safe condition to protect all persons whose presence was reasonably foreseeable.

51. The defendant Troser Aerial Park, LLC d/b/a Bristol Mountain Aerial Adventures, failed to use reasonable care to protect all persons whose presence was reasonably foreseeable on the Bristol Mountain Aerial Adventures Zipline Canopy Tour.

52. The negligence of defendant Troser Aerial Park, LLC d/b/a Bristol Mountain Aerial Adventures was a substantial factor in causing the injuries sustained by Jacqueline Mondragon on the Bristol Mountain Aerial Adventures Zipline Canopy Tour.

53. By reason of the facts aforesaid, Jacqueline Mondragon has been damaged in a sum of money having a present value of up to five million and 00/100 ($5,000,000.00) dollars.

**AS AND FOR A SEVENTH CAUSE OF ACTION**

54. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "53" above with the same force and effect as if more fully set forth here, and further alleges:

55. The defendant, Troser Management, Inc., had a duty to use reasonable care to protect all persons whose presence was reasonably foreseeable on the defendant's aforesaid real property.

56. The defendant, Troser Management, Inc., should have reasonably foreseen the presence of Jacqueline Mondragon, or someone like Jacqueline Mondragon, on the defendant's aforesaid real property.

57. The aforesaid premises of the defendant on the defendant's aforementioned real property was not in a reasonably safe condition for the protection of all persons whose presence was reasonably foreseeable.

58. The defendant on the defendant's aforesaid real property failed to use reasonable care to protect all persons whose presence was reasonably foreseeable on the aforesaid real property.

59. The negligence defendant on the defendant's aforesaid real property was a substantial factor in causing the injuries sustained by Jacqueline Mondragon.

60. By reason of the facts aforesaid, Jacqueline Mondragon has been damaged in a sum of money having a present value of up to five million and 00/100 ($5,000,000.00) dollars.

**WHEREFORE,** Plaintiff demands judgment against the defendants:

    a.    On the first cause of action in a sum of money having a present value of up to five million and 00/100 ($5,000,000.00) dollars; and

    b.    On the second cause of action in a sum of money having a present value of up to five million and 00/100 ($5,000,000.00) dollars; and

      c.      On the third cause of action in a sum of money having a present value of up to five million and 00/100 ($5,000,000.00) dollars; and

      d.      On the fourth cause of action in a sum of money having a present value of up to five million and 00/100 ($5,000,000.00) dollars; and

      e.      On the fifth cause of action in a sum of money having a present value of up to five million and 00/100 ($5,000,000.00) dollars; and

      f.      On the sixth cause of action in a sum of money having a present value of up to five million and 00/100 ($5,000,000.00) dollars; and

together with the costs and disbursements of this action.

Dated: July 21, 2022

*/s/ Kelly C. Wolford*

_____
Kelly C. Wolford
USDC WDNY Bar Roll # WD0017534
POWERS & SANTOLA, LLP
Attorneys for Plaintiff
Office and P.O. Address
100 Great Oaks Blvd
Suite 123
Albany, New York 12203
(518) 465-5995
Kwolford@powers-santola.com

## **JURY DEMAND**

**COMES NOW** the plaintiff, Jacqueline Mondragon, by and through her attorneys, Powers & Santola, LLP, and demands a trial by jury of the above-entitled action.

Dated: July 21, 2022

*/s/ Kelly C. Wolford*

_____
Kelly C. Wolford
USDC WDNY Bar Roll # WD0017534
POWERS & SANTOLA, LLP
Attorneys for Plaintiff
Office and P.O. Address
100 Great Oaks Blvd
Suite 123
Albany, New York 12203
(518) 465-5995
Kwolford@powers-santola.com